**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KENYATA JORDAN
ADC # 94649                                                                                          PLAINTIFF

V.                                        5:08CV00062 JMM/HDY

ROYAL, Nurse, W.C. "Dub" Brassell Detention
Center; RANDEL, Nurse, W.C. "Dub" Brassell
Detention Center; McCLURE, Doctor, W.C. "Dub"
Brassell Detention Center; and THE W.C. "DUB"
BRASSELL DETENTION CENTER                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, who was a pretrial detainee at the W.C. "Dub" Brassell Detention Center in Jefferson County, commenced this action pursuant to 42 U.S.C. § 1983 alleging, among other issues, a denial of adequate medical care. The Court granted Plaintiff leave to proceed *in forma pauperis* and directed that his Complaint be served upon the Defendants on March 18, 2008 (docket entry #3). Separate Defendant W.C. "Dub" Brassell Detention Center filed a Motion to Dismiss (docket entry #18) on April 28, 2008, seeking dismissal of the claims against it under the legal theory that it is not

an entity subject to suit under § 1983.[1]

As a *pro se* litigant, Plaintiff was granted thirty days in which to submit his response to this motion (docket entry #20).  On May 21, 2008, Plaintiff sought an extension of time to respond, and this was granted on May 27, 2008 (docket entry #25), giving him an additional twenty days.  On June 16, 2008, Plaintiff notified the Court that he had been released from the jail and requested a second extension of time to respond to the pending motion (docket entry #28).  This, too, was granted (docket entry #29) and the Court also directed Plaintiff to submit an updated *in forma pauperis* application, reflecting his "free-world" status.  This last Order was entered on June 23, 2008, and granted Plaintiff fourteen more days to respond to the Motion to Dismiss and submit his amended IFP application.  To date the Court has had no response to this Order.  More than the allotted fourteen days have passed since the entry date of the Court's last Order, and Plaintiff has not responded nor has the correspondence from the Court been returned as undeliverable to Plaintiff's last known address.

Under these circumstances, the undersigned concludes that Plaintiff's claims against separate Defendants Royal, Randel, and McClure should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2)[2] and failure to prosecute or respond to the Court's order. Fed.R.Civ.P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(district court has

---

[1] As a general rule, a detention center is not an entity subject to suit under § 1983, *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003), and separate Defendant W.C."Dub" Brassell Detention Center is entitled to dismissal with prejudice based on the merits of its Motion to Dismiss.

[2] Local Rule 5.5(c)(2) provides that if any communication from the Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without prejudice.

power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir.1986)(*quoting Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir.1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir.1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## **CONCLUSION**

IT IS THEREFORE RECOMMENDED that the claims against separate Defendant W.C. "Dub" Brassell Detention Center be dismissed with prejudice, and the remainder of Plaintiff's cause of action and the claims against separate Defendants Royal, Randel, and McClure be dismissed without prejudice for failure to prosecute.

DATED this __9__ day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE